of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

**Jin Bo LIN, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General, Respondent.**

No. 08–1409–ag.

United States Court of Appeals, Second Circuit.

Dec. 19, 2008.

Lewis Hu, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Civil Division, Michelle Gorden Latour, Assistant Director, Matt A. Crapo, Trial Attorney, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C., for Respondent.

Present DENNIS JACOBS, Chief Judge, PIERRE N. LEVAL, and PETER W. HALL, Circuit Judges.

### *SUMMARY ORDER*

Petitioner Jin Bo Lin, a native and citizen of the People's Republic of China, seeks review of the March 5, 2008 order of the BIA affirming the August 21, 2006 decision of Immigration Judge ("IJ") Vivienne Gordon–Uruakpa, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jin Bo Lin,* No. A97 957 386 (B.I.A. Mar. 5, 2008), aff'g No. A97 957 386 (Immig. Ct. N.Y. City Aug. 21, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, we consider both the IJ's and the BIA's opin-

ions for the sake of completeness if doing so does not affect our ultimate conclusion. *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir.2006). This Court reviews the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 289 (2d Cir.2007). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir.2008).

As a preliminary matter, because Lin's brief to this Court does not sufficiently challenge the agency's denial of CAT relief, we deem any such argument waived. *See Zhang v. Gonzales*, 426 F.3d 540, 542 n. 1, 545 n. 8 (2d Cir.2005).

We find that the agency properly denied Lin's application for asylum because he failed to establish a nexus to a protected ground. *See* 8 U.S.C. §§ 1101(a)(42), 1158(b)(1)(B)(i). Lin argues that the agency erred in making this finding, contending that his refusal to pay what he considered to be unreasonable parking and education fees constituted an expression of political opinion for which he was detained, beaten, and deprived of his livelihood. That argument, however, is unavailing.

We have held that punishment for violation of a generally applicable law is not persecution. *See Saleh v. U.S. Dep't of Justice*, 962 F.2d 234, 239 (2d Cir.1992). Likewise, "mere subjection to [a generally applicable] policy or practice will not itself qualify as persecution 'on account of' political opinion." *Zhang*, 426 F.3d at 545. Although Lin claims that he "stood up [to] the unjust fees (taxes) the same way as the members of the Boston Tea Party did," he does not indicate that he took any action to demonstrate his opposition to the government policy beyond arguing with officials about his own subjection to the policy. Lin argues further that the local cadres deprived him of his livelihood by denying his work authorization when he refused to pay an education fee. He testified he should not have been required to pay the fee because he had already paid it earlier in the year. He conceded, however, that he had lost his receipt and was unable to prove to the local government that he had paid the fee. Based on Lin's testimony the IJ properly found that Lin was merely subjected to a law of general applicability to "people conducting business in China." *See* JA at 51 (Oral Decision); *Saleh*, 962 F.2d at 239.

Lin has not provided evidence to establish that a "central reason" for his detention and beating was his actual or imputed political opinion. *See* 8 U.S.C. § 1158(b)(1)(B)(i). The agency's denial of his asylum application was proper. *See id.* Further, because Lin failed to establish his eligibility for asylum, he necessarily fails to establish eligibility for withholding of removal, which has a higher burden of proof. *See Tian–Yong Chen v. U.S. I.N.S.*, 359 F.3d 121, 127 (2d Cir.2004).

For the foregoing reasons, the petition for review is DENIED. Any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).